PROB 12C
(7/93)

Report Date: June 29, 2012

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 09 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Nicholas Scott Ferryman      Case Number: 2:06CR02155-001

Address of Offender:                        Richland, WA  99352

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: 5/8/2007

Original Offense:     Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)

Original Sentence:    Prison - 37 Months;            Type of Supervision: Supervised Release
                      TSR - 38 Months

Asst. U.S. Attorney:  Alexander Carl Ekstrom         Date Supervision Commenced: 11/23/2011

Defense Attorney:     Diane E. Hehir                 Date Supervision Expires: 5/22/2014

## PETITIONING THE COURT

**To set a new hearing date and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 4/10/2012 and 5/14/2012.**

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number | Nature of Noncompliance

4 | **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.

**Supporting Evidence**: Nicholas Ferryman is considered in violation of his term of supervised release by committing the offense of disorderly conduct on or prior to June 2, 2012.

According to reports provided by the Kennewick Police Department, the defendant was contacted at 2 a.m. after a report of individuals involved in a physical altercation. The defendant advised the officers he had been "jumped". The defendant did not want to discuss who else was involved in the altercation. After further investigation the officers opted to let the defendant and his girlfriend leave the area. It was noted both individuals smelled of alcohol so they were directed to find another ride home. The defendant's girlfriend called her mother to pick them up.

Prob12C
Re: Ferryman, Nicholas Scott
June 29, 2012
Page 2

A short time after officers cleared the area, detectives noted they were going to intervene in a fight in the same area. Once again the defendant and his girlfriend were contacted. The defendant once again refused to give any information about who was involved. The defendant was arrested, taken to the hospital for medical assistance, and charged with disorderly conduct under case number 2Z0484918, in Benton County District Court. His next court date is scheduled for July 11, 2012.

5   **Special Condition # 17**: You shall abstain from the use of illegal controlled substances, and alcohol, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Nicholas Ferryman is considered in violation of his term of supervised release by consuming alcohol on or prior to June 2, 2012.

As noted above, the defendant was located at the scene of a physical altercation. The officer's report noted the defendant "smelled of intoxicants". Furthermore the defendant was not allowed to leave the area in his own vehicle due to this issue.

6   **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: Nicholas Ferryman is considered in violation of his term of supervised release by falsifying information to his U.S. Probation Officer on June 4, 2012, and June 19, 2012.

On June 4, 2012, the defendant reported to this officer and stated he had been arrested for disorderly conduct by the Kennewick Police Department. The defendant stated his girlfriend's mother was going to pick them up but he was "jumped" a second time. When asked why her mother had to pick them up, the defendant stated his girlfriend had "freaked out" and called to have them picked up. The defendant was asked if any alcohol was involved in the incident and he stated there was not. As noted above, the officer's report indicated the defendant and his girlfriend both smelled of alcohol and officers required them to find another ride home.

On June 19, 2012, the defendant reported to this officer and stated he had missed his substance abuse assessment. This was his second missed assessment. The defendant stated he had set a new appointment for June 20, 2012. The defendant was warned that if he missed this assessment an additional violation would be reported to the Court.

On June 20, 2012, information was received noting the defendant would have his assessment on June 21, 2012 due to his missed appointment. Certification was requested as the defendant had advised he was due to complete the assessment on June 20, 2012. It was learned that the defendant had mislead this officer on June 19, 2012, by stating he had an assessment rescheduled for June 20, 2012. In fact, he had not rescheduled his assessment at all. He requested a new assessment date after he was warned about an additional violation if he failed to report for the alleged June 20, 2012, assessment.

Prob12C
Re: Ferryman, Nicholas Scott
June 29, 2012
Page 3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   06/28/2012

s/David L. McCary

David L. McCary
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[✓]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Other

Signature of Judicial Officer

July 9, 2012
Date